**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

                                       Case No. 08-20238

v.                                    Hon. Lawrence P. Zatkoff

ARNOLD PURIFOY,

       Defendant.

_____/

**SENTENCING OPINION**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on April 14, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

On November 20, 2008, Defendant entered into a Rule 11 plea agreement whereby Defendant pleaded guilty to the following: (1) Violation of 18 U.S.C. § 922(g)(1)—Felon in Possession of a Firearm; (2) Violation of 21 U.S.C. § 841(a)(1)—Possession with Intent to Distribute Cocaine; and (3) Violation of 18 U.S.C. § 924(c)—Possession of a Firearm in Furtherance of a Drug Trafficking Crime. In the Rule 11 plea agreement, the parties agreed that the proper Sentencing Guidelines range was 262-327 months. For the reasons below, and those stated at the April 7, 2009, sentencing hearing, Defendant is sentenced to a term of imprisonment of 262 months.

**II. SENTENCING GUIDELINES**

Defendant's current offenses are felonies, and he has previously committed at least two felonies that were either crimes of violence or involved controlled substances. Based on this history, Defendant qualifies as a career offender under the advisory Sentencing Guidelines. *See* USSG §

4B1.1(a).  As Defendant is currently charged with a violation of 18 U.S.C. § 924(c), Defendant's Guidelines range is calculated pursuant to USSG § 4B1.1(c).  After a 3-level reduction for acceptance of responsibility, Defendant's Guidelines range is 262-327 months.

This is the same range that was calculated and agreed-upon by the parties in the Rule 11 plea agreement.  In the plea agreement, Defendant waived his rights to withdraw from the agreement and appeal his conviction and sentence (save for an appeal regarding his motion to suppress) so long as the Court's sentence did not exceed the maximum term of the Guidelines range.  Likewise, the government waived its rights to withdraw from the agreement and appeal the sentence provided that the Court found the parties' calculation correct, and provided that the Court did not sentence Defendant below the minimum term of the Guidelines range.

### III. DEFENDANT'S SENTENCING MEMORANDUM

In his memorandum, Defendant argues for a downward variance, claiming that imposing a sentence within his Guidelines range of 262-327 months is disproportionate to his offenses and "greater than necessary" to accomplish the goals of sentencing.  Defendant's memorandum cites various data, including Sentencing Commission reports, suggesting that the career offender provisions are excessive compared to the risk of recidivism and contribution to deterrence.  Defendant also cites Sentencing Commission reports stating that criminals over age 50 (such as Defendant) and non-violent drug offenders are the least likely to recidivate in their respective categories.

Defendant also contends that the use of his prior felonies three times in his Guidelines range calculation (increased statutory maximum under § 841(b)(1)(C), enhanced offense level for the § 922(g)(1) charge, and his career offender determination) violates the Double Jeopardy clause as

impermissible double counting.  Defendant alternatively requests a downward variance from the career offender Guidelines range based on his double-counting argument.

## IV. ANALYSIS

### A.  Defendant's Double Jeopardy Challenge

While the Sixth Circuit has not expressly ruled on the constitutionality of applying the career offender Guidelines range in conjunction with other enhancements for past convictions, it has noted that this challenge has failed in several other jurisdictions.  *See United States v. Stephens*, 549 F.3d 459, 468 (6th Cir. 2008) (citing *United States v. Gibson*, 135 F.3d 257, 261 (2d Cir. 1998); *United States v. Marcos-Quiroga*, 478 F. Supp. 2d 1114, 1124 (N.D. Iowa 2007)).  *See also United States v. Andrews*, 447 F.3d 806, 810 (10th Cir. 2004).  Defendant cites no case law to the contrary and notes only that the Sixth Circuit has left the issue open.  The Court finds no reason to depart from the persuasive authority upholding the constitutionality of the career offender provisions.

### B. 18 U.S.C. § 3553(a) Sentencing Factors

The overarching goal of 18 U.S.C. § 3553, the federal sentencing statute, instructs the Court to "impose a sentence sufficient, but not greater than necessary to accomplish the goals of sentencing."  *Kimbrough v. United States*, 552 U.S. ___, 128 S. Ct. 558, 570 (2007) (internal quotation marks omitted).   In determining an appropriate sentence, the Court must consider the factors in 18 U.S.C. § 3553(a), along with the advisory Sentencing Guidelines range.  *United States v. McBride*, 434 F.3d 470 (6th Cir. 2006).

#### 1.  Nature, Circumstances, and Seriousness of the Offenses

The execution of a search warrant revealed 482 grams of cocaine in Defendant's home, along with five firearms.  One firearm was a loaded MAK-90 semi-automatic assault rifle that was found

in Defendant's bedroom.  Two additional firearms were found in Defendant's vehicles.  The Court finds that these offenses are especially serious given the significant amount of cocaine combined with the presence of several loaded firearms.

### 2.  History and Characteristics of Defendant

Defendant is a 53-year-old male who has been intermittently incarcerated throughout his adult life.  Defendant's Rule 11 plea agreement lists six prior felonies, including three involving illegal drugs.  The Presentence Investigation Report reveals a total of 13 lifetime convictions.  Of note, Defendant has an outstanding bench warrant stemming from his failure to appear at his sentencing hearing for his most recent prior conviction.

### 3.  Promote Respect for the Law and Afford Adequate Deterrence

Defendant has shown a complete disregard for the legal system throughout his life and  has a history of constant recidivism.  His past terms of incarceration have wholly  failed to instill respect for the law or provide any degree of deterrence.  Thus, a sentence within the advisory Guidelines range is reasonable and necessary to promote respect for the law and afford adequate deterrence for Defendant.

### 4. Protect Public from Further Crimes of Defendant

As noted above, Defendant has an extensive history of recidivism, frequently involving weapons and drugs.  This behavior endangers the public's safety and health, and there is no indication that Defendant would not resume such activities upon release.  Thus, a sentence within the advisory Guidelines range is reasonable and necessary to protect the public from further crimes.

## C. Sentence

The Court has carefully considered the § 3553(a) factors and all other relevant evidence in

formulating Defendant's sentence.  The Court has also considered Defendant's requests for a variance based on his disproportionality and double-counting arguments.  Defendant's sentence is not disproportionate to the very serious offenses he committed, and the Court finds Defendant's double-counting claims unpersuasive.

The Court finds that an aggregate term of imprisonment of 262 months, which represents the minimum of Defendant's advisory Guidelines range, is reasonable and "sufficient, but not greater than necessary to accomplish the goals of sentencing."  *Kimbrough*, 128 S. Ct. at 570.

## V.  CONCLUSION

Accordingly, and for the reasons stated above, and those stated at the April 7, 2009, sentencing hearing, it is HEREBY ORDERED that Defendant be sentenced to a term of 101 months imprisonment for Count One; 101 months imprisonment for Count Two; and 60 months imprisonment for Count Three; which terms are to be served consecutively; for a total term of imprisonment of 262 months.  Defendant is also sentenced to 4 years of supervised release on each Count, which terms are to run concurrent to each other.  Defendant is to comply with the standard provisions of supervised release, along with the special condition that Defendant pay his child support arrearage of $59,200.00 during his period of supervision.  Defendant must also pay a $300.00 special assessment.  All other fines are waived.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff _____
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  April 14, 2009

5

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 14, 2009.

S/Marie E. Verlinde
Case Manager
(810) 984-3290