UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                   Criminal Case No. 08-20238

Arnold Cecil Purifoy,                Sean F. Cox
                                                  United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

In this criminal action, Defendant Arnold Cecil Purifoy ("Defendant") was convicted of drug and firearms offenses and was sentenced to 262 months of imprisonment. The matter is before the Court on Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). This motion asks the Court to allow Defendant to serve the remainder of his sentence at home because he is concerned that he could contract the virus, and that he may be vulnerable to severe illness if he were to contract it. The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion.

**BACKGROUND**

In this criminal case, Defendant was charged with drug and firearms offenses. This case was originally assigned to the Honorable Lawrence P. Zatkoff.

Defendant ultimately pleaded guilty to being a felon in possession of a firearm, possession with intent to distribute cocaine, and possession of a firearm in furtherance of a drug

trafficking offense. The factual basis for Defendant's guilty plea was set forth as follows in the plea agreement:

> On about April 24, 2008, federal agents searched the residence of Arnold Purifoy, a.k.a. Melvin Purifoy, pursuant to a search warrant. In the master bedroom, agents found approximately 482 grams of cocaine and digital scales. This amount of drugs and the digital scales are consistent with drug distribution, and not merely possession, and the defendant knowingly possessed these drugs with the intent to distribute a controlled substance. Several of the firearm were found in the residence and the defendant's vehicles, all of which the defendant knowingly possessed, including one firearm, a MAK-90 Sporter (loaded), 7.62 mm semi-automatic assault riffle, serial number 94116192, which was located in close proximity to the cocaine, in furtherance of the defendant's drug trafficking activity. Purifoy is a prohibited person, having been previously been convicted of one or more felony offenses, including one or more felony drug offenses. Each of the firearms found in the defendant's possession had previously traveled in interstate commerce.

(ECF No. 32 at PageID.162).

In accordance with his plea agreement, Judge Zatkoff determined that Defendant was a career offender under the Sentencing Guidelines and sentenced him to a total term of 262 months of imprisonment. Judge Zatkoff sentenced Defendant on April 7, 2009.

Defendant's conviction and sentence were affirmed on direct appeal. *United States v. Purifoy,* 396 F. App'x 202 (6th Cir. 2010).

Judge Zatkoff presided over several post-conviction motions in this case. This case was then reassigned to the undersigned on May 5, 2015.

On September 18, 2020, Defendant filed his *pro se* Motion for Compassionate Release. (ECF No. 82).

Defendant is now sixty-five years old. Defendant began serving his sentence on July 2, 2009 and has a projected release date of December 9, 2026. He is currently housed at FCI Pekin. Defendant filed his Motion for Compassionate Release asserting that he is heightened risk of

more serious illness, if he were to contract COVID-19, because of his age and because he claims to be "pre-diabetic." Defendant did not provide the Court with any medical records or other documentation regarding his health or any medical conditions.

The Government concedes that Defendant has exhausted his administrative remedies but opposes the motion on the merits. It argues that Defendant has not shown that he suffers from any medical condition that is established to place him at increased risk of severe illness from the virus and that a consideration of the § 3553(a) factors weighs against release.

## ANALYSIS

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020).

"The passage of the First Step Act in 2018 expanded access to compassionate release by allowing inmates to bring compassionate-release motions on their own behalf." *United States v. Elias*, __ F.3d. __, 2021 WL 50169 at *1 (Jan. 6, 2021).

"An imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request – whichever is earlier." *Jones, supra,* at 1106. Here, it is undisputed that Defendant has met the requirement to exhaust administrative remedies, and therefore, this Court may consider Defendant's motion.

The United States Court of Appeals for the Sixth Circuit has held that sentence-modification decisions pursuant to § 3582(c)(1)(A) embody a three-step inquiry:

> Before granting a compassionate-release motion, a district court must engage in a "three-step inquiry:" the court must "find" that "extraordinary and compelling reasons warrant [a sentence] reduction," ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and "consider[] all relevant sentencing factors listed in 18 U.S.C. §3553(a)." *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. §3582(c)(1)(A)). If each of those requirements are met, the district court "may reduce the term of imprisonment," but need not do so. 18 U.S.C.§3582(c)(1)(A).

*Elias, supra,* at * 1.

At step one, a court must find whether "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1(A)(I).

"At step two, a court must 'find[]' whether 'such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission.'" *Jones, supra,* at 1108. (quoting 3582(c)(1)(A)) (emphasis added). But the Sixth Circuit has held "that § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *Elias, supra*, at *2. "And, in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Id.* That means that, "[u]ntil the Sentencing Commission updates § 1B.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Jones, supra*, at 1109. Because Defendant's compassionate release motion was filed by an incarcerated person, this Court "may skip step two of the § 3582(c)(1)(A) inquiry and ha[s] full discretion to define 'extraordinary and compelling' without consulting the policy statement in § 1B1.13." *Jones, supra*.

"At step three, '§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case.'" *Jones, supra,* at 1109.

The Sixth Circuit has explained that, "in *granting* a compassionate-release motion, district courts must address all three steps." *Elias, supra*, at *2 (emphasis added). But it has also clarified that "district courts may *deny* compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id*. (emphasis added).

Here, Defendant contends that his request for compassionate release should be granted because his age and alleged condition of being "pre-diabetic," in light of the ongoing pandemic, constitutes an extraordinary and compelling circumstance.

This Court agrees with other courts that have concluded that the COVID-19 pandemic alone does not justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility ..., whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

Defendant is a sixty-five year-old man. He has presented no medical records in support of his motion. Defendant has not shown that he has been diagnosed with any medical condition

5

that is known to place him at increased risk of severe illness, if he were to contract the virus. Thus, Defendant has not met his burden of establishing the existence of extraordinary circumstances that warrant his release.

Moreover, this Court concludes that consideration of the § 3553(a) factors also weighs against granting compassionate release in this particular case. *United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

The nature and circumstances of Defendant's offenses weigh strongly against his release. Defendant pleaded guilty to being a felon in possession of a firearm, possession with intent to distribute cocaine, and possession of a firearm in furtherance of a drug trafficking offense. These are serious offenses. Upon executing a search warrant at his home, Defendant was found with over 400 grams of cocaine, digital scales, and packaging equipment – consistent with drug distribution. He was also found in possession of firearms and ammunition, including a semi-automatic assault riffle.

And the convictions in this case were not an isolated event. Defendant has an extensive criminal history, and qualifies as a career criminal.

Although Defendant is a high school graduate, and received vocational training while he was incarcerated in the Michigan Department of Corrections, he nevertheless has a history of recidivism and it often involves drugs and weapons. This type of criminal behavior endangers the public's health and safety. There is no indication that Defendant would not continue this pattern if he were to be released early.

This Court does not believe that releasing Defendant nearly six years early would promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Defendant. In sum, this Court finds that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: February 2, 2021